IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 8 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-02130-BNB

KURT PREUSS,

Applicant,

v.

ARI ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant Kurt Preuss is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 attacking his April 28, 1994, State of Colorado conviction and sentence. On October 17, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Preuss to show cause within thirty days why the Application should not be denied as time-barred pursuant to 28 U.S.C. § 2244(d). Mr. Preuss submitted a Response on November 6, 2007.

The Court must construe liberally the Application and the Response because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Preuss states that he was convicted on April 28, 1994, in the Boulder District Court, Boulder, Colorado, on charges of sexual assault and aggravated incest in Case No. 93-CR-1113. He further states that he was sentenced to twenty-five years of imprisonment in the DOC, that he appealed the conviction, that the appeal was denied in March 1996, and that the conviction was reviewed by the state's highest court and denied in April 1996.

Applicant also alleges that he filed a Colo. R. Crim P. 35(a) and (c) postconviction motion on June 10, 2005. He further asserts that the state district court denied the motion on November 22, 2005, that the state court of appeals, on May 24, 2007, affirmed the state district court's denial, and that the Colorado Supreme Court denied his petition for writ of certiorari on August 13, 2007.

Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

2

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As Magistrate Judge Boland determined, for the purpose of the one-year limitation period, Applicant's conviction and sentence became final at the latest on July 29, 1996. From July 30, 1996, the day after Applicant's conviction became final, until June 9, 2005, the day prior to his filing a postconviction motion, almost nine years, Mr. Preuss did not have a postconviction motion pending in state court and the time is not tolled pursuant to § 2244(d). From August 14, 2007, the day after his postconviction motion was denied by the state court of appeals, until October 2, 2007, the day prior to when Applicant submitted the Application to this Court, the time is not tolled for the purposes of § 2244(d). The Court, therefore, finds that the time overall is not tolled for over nine years.

In the Application, Mr. Preuss does not allege that there are any constitutional rights newly recognized by the Supreme Court that apply to his case, or that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal.

3

He also does not assert that there were any impediments to filing an application which were created by state action.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). However, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See id.*

In the Response, Applicant contends that he is basing his claims on the recent U.S. Supreme Court decision in *Cunningham v. California*, --- U.S. ---, 127 S. Ct. 856 (2007). Mr. Preuss asserts that *Cunningham* sets forth a newly recognized constitutional right by the Supreme Court and that he has filed the instant action within a year of the decision in *Cunningham*.

Upon review of Mr. Preuss's Application, the Court finds that he is challenging his aggravated sentenced which was based on a prior felony conviction. Applicant's reliance on *Cunningham* is misplaced. The Supreme Court stated in *Cunningham* that "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, **other than a prior conviction**, not found by a jury or admitted by the defendant." *Id.* at 127 S. Ct. at 860 (emphasis added). Accordingly, *Cunningham* does not affect the outcome here because the case preserved the Supreme Court's exception for prior

4

convictions. Therefore, the Application is barred by the one-year limitation period. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 7 day of February, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**AMENDED CERTIFICATE OF MAILING**

Civil Action No.   07-cv-02130-BNB

Kurt Preuss
Prisoner No. 83654
Fremont Correctional Facility
PO Box 999
Canon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/8/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk